Filed 7/18/24  P. v. Hout CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B327955 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA014978) |
| v. | |
| BORAN HOUT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel J. Lowenthal, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

# I.    INTRODUCTION

Defendant Boran Hout appeals from the trial court's denial of his motion for a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).  He contends the court's denial violated his equal protection rights under the California and United States Constitutions and the prohibition against cruel or unusual punishment under the California Constitution.  We affirm.

# II.    PROCEDURAL BACKGROUND

A jury convicted defendant of the 1993 robbery (Pen. Code, § 211[1]) and murder (§ 187, subd. (a)) of Ros Yann.  The jury also found true the special circumstance allegation that defendant committed the murder during the course of the robbery (§ 190.2, subd. (a)(17)) and the allegation that he personally used a firearm in the commission of the murder and the robbery (§ 12022.5, subd. (a)(1)).  The jury also convicted defendant of the 1993 first degree burglary (§ 459) and attempted murder (§§ 664/187, subd. (a)) of another victim and found true the allegation that he personally used a firearm in the commission of those offenses (§ 12022.5, subd. (a)(1)).  The trial court sentenced defendant to life without the possibility of parole (LWOP) plus 19 years.  A prior panel of this division affirmed the judgment. (*People v. Hout* (Mar. 28, 1997, B100311) [nonpub. opn.].)

On November 7, 2022, defendant filed a motion for a *Franklin* hearing and requested that counsel be appointed to represent him.  Defendant asserted he was 19 years old when he

---

[1]    All further statutory references are to the Penal Code.

2

committed the murder and the exclusion of 18- to 25-year old offenders sentenced to LWOP from eligibility for youth offender parole hearings under section 3051 violated his right to equal protection and constituted cruel or unusual punishment.

On December 15, 2022, the trial court, without appointing counsel to represent defendant, denied defendant's motion, ruling that defendant was statutorily ineligible for a youth offender parole hearing because of his age at the time of his offense and his LWOP sentence.

## III.    BACKGROUND

A.    *Youth Offender Parole Hearings*

Section 3051 requires the Board of Parole Hearings to conduct a "youth offender parole hearing" during the 15th, 20th, or 25th year of a defendant's incarceration if the defendant was 25 years or younger at the time of the "controlling offense," that is, "the offense or enhancement for which any sentencing court imposed the longest term of imprisonment." (§ 3051, subds. (a)(2)(B), (b)(1)–(3).) "A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the sentence is a life term of 25 years to life shall be eligible for release on parole at a youth offender parole hearing during the person's 25th year of incarceration." (§ 3051, subd. (b)(3).) Several categories of offenders, however, are excluded from eligibility pursuant to section 3051, subdivision (h) including offenders, such as defendant, who were "sentenced to [LWOP] for a controlling offense that was committed after the person had attained 18 years of age."

3

Our Supreme Court has held that offenders who are eligible for youth offender parole hearings are entitled to a so-called *Franklin* hearing "to provide an opportunity for the parties to make an accurate record of the juvenile [or youth] offender's characteristics and circumstances at the time of the offense so that the Board, years later, may properly discharge its obligation to 'give great weight to' youth-related factors [at a hearing held pursuant to section 3051]." (*Franklin, supra,* 63 Cal.4th at p. 284.)

B.    *Equal Protection*

Defendant argues section 3051 violates equal protection by treating young adult offenders—those 18 to 25 years old—sentenced to LWOP for special circumstance murder differently from juvenile offenders—those under 18 years old—sentenced to LWOP and other young adult offenders serving parole-eligible life sentences for murder.  Accordingly, he argues, he was entitled to a *Franklin* hearing and the trial court erred in denying his motion.

After the parties filed their briefs in this appeal, the California Supreme Court issued its decision in *People v. Hardin* (2024) 15 Cal.5th 834 which rejected defendant's equal protection argument.  The court held that the provision of section 3051, subdivision (h) excluding offenders sentenced to LWOP for crimes committed between the ages of 18 and 25 from youth offender parole hearing eligibility does not violate equal protection. (*People v. Hardin, supra,* 15 Cal.5th at pp. 838–839, 866.) Accordingly, we deny defendant's equal protection claim.

C.      *Cruel or Unusual Punishment*

Defendant acknowledges his LWOP sentence was constitutional when imposed, but argues that section 3051, subdivision (h) rendered his sentence cruel or unusual in violation of the California Constitution by excluding 18- to 25-year old offenders from youth offender parole hearings.  We disagree.

Article I, section 17 of the California Constitution provides: "Cruel or unusual punishment may not be inflicted or excessive fines imposed."  In assessing a claim of cruel or unusual punishment we must "decide whether the penalty given 'is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity,' thereby violating the prohibition . . . against cruel or unusual punishment of article I, section 17 of the California Constitution."  (*People v. Cunningham* (2001) 25 Cal.4th 926, 1042.)

In *In re Williams* (2020) 57 Cal.App.5th 427, Williams was 21 years old when he committed two murders during a robbery.  The trial court sentenced him to LWOP.  He later filed a petition for writ of habeas corpus claiming, in part, the denial of a section 3051 youth offender parole hearing constituted cruel and unusual punishment under the Eighth Amendment.[2]  (*In re Williams, supra*, 57 Cal.App.5th at pp. 430, 439.)

_____

[2]      There is "considerable overlap" in state cruel *or* unusual and federal cruel *and* unusual claims.  (*People v. Baker* (2018) 20 Cal.App.5th 711, 733.)  "Although articulated slightly differently, both standards prohibit punishment that is 'grossly disproportionate' to the crime or the individual culpability of the

A prior panel of this division rejected Williams's claim. It held, "To the extent petitioner contends an LWOP sentence is an unconstitutional cruel and unusual punishment when imposed on *any* 21-year-old defendant[—i.e., on a young adult offender], we observe our Supreme Court has essentially rejected that very argument in the context of the death penalty. In *People v. Flores* (2020) 9 Cal.5th 371, 429 . . . , the court acknowledged research that youths ages 18 to 21 share many of the same cognitive and developmental deficiencies as adolescents under age 18. Quoting from the court's earlier opinion in *People v. Powell* (2018) 6 Cal.5th 136, 192 . . . , the court nonetheless held that 18 is "'the age at which the line for death eligibility ought to rest.'" If the Eighth Amendment does not prohibit a sentence of death for 21 year olds, then most assuredly, it does not prohibit the lesser LWOP sentence." (*In re Williams, supra*, 57 Cal.App.5th at p. 439, fn. omitted.) Accordingly, we reject defendant's contention that section 3051, subdivision (h) rendered his LWOP sentence cruel or unusual.

---

defendant." (*People v. Mendez* (2010) 188 Cal.App.4th 47, 64.) "The touchstone in each is gross disproportionality." (*People v. Palafox* (2014) 231 Cal.App.4th 68, 82.)

## IV.   DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM, J.


We concur:



BAKER, Acting P. J.



MOOR, J.


7